**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN EDGARDO CERNA-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73001 <br><br> Agency No. A072-989-416 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Juan Edgardo Cerna-Hernandez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the significant discrepancy between Cerna-Hernandez's prior asylum application and the one he filed in 2011 regarding the basis of his claim. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency reasonably rejected Cerna-Hernandez's explanations for the discrepancy. *See id.* at 974. In the absence of credible testimony, Cerna-Hernandez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Cerna-Hernandez's CAT claim is based on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not that he will be tortured if returned to El Salvador, his CAT claim also fails. *See id.* at 1156-57.

Finally, we do not consider the materials Cerna-Hernandez submitted in his "Supplement in Support of Petition for Review and Stay of Removal." *See Fisher*

11-73001

*v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**